

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP X 4 2013
Sep 4. 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

WAYNE H. NORMAN,

Plaintiff,

v.

WINDHAM PROFESSIONALS, INC.

Defendant.

13CV6290
JUDGE LEFKOW
Civi MAG. JUDGE COLE

JURY DEMAND

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, WINDHAM PROFESSIONALS, INC., and Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*

### JURISDICTION & VENUE

1

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Cook County, Illinois.

5. WINDHAM PROFESSIONALS, INC., (hereinafter, "WPI") is a business entity engaged in the collection of debt. Defendant is located at 380 Main Street, Salem, NH 0379, whose primary business is delinquent student loan debt collection.

## ALLEGATIONS OF FACT

6. Plaintiff has received numerous phone calls from Defendant to his cellular telephone number ending in (682) XXX-8688, seeking to collect an alleged debt belonging to someone else.

7. Plaintiff has documented at least seven phone calls from the Defendant throughout the month of July, and August of 2013.

8. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

9. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

10. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

11. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer system, (which they advertise on their website) in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

12. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

13. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

14. The first such call occurred on or about June 27th, 2013. Plaintiff received a phone call from 1-866-799-0613. Plaintiff was unfamiliar with the number and allowed the call to go to his cellular phone "voice mailbox", however, the Defendant did not leave a message.

15. Concerned, Plaintiff called the number back the same evening, and spoke to a person who described himself as a representative from Windham Professionals. The rep asked Plaintiff was he, or did he know "Ellen Hurst-Ward". Plaintiff told the rep that he was not "Ellen Hurst-Ward", nor did he know her. The rep apologized, and responded by saying he would remove Plaintiffs number from the call system.

16. However, Plaintiff received six more such calls from the Defendant on 7/26/2013, 7/29/2013, 8/01/2013, 8/02/2013 8/05/2013, and 8/9/2013, thus far.

17. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Without prior consent, the Defendant contacted the Plaintiff seven (7) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

4

20. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

21. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

22. As a result of Defendant's illegal conduct, Plaintiff suffered damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

23. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, Illinois 60130

whnorman@hotmail.com

5